UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ASHLEY RYDER** : | **Case Number:** 2:22-cv-1377 |
| c/o Barron, Peck, Bennie & Schlemmer : | |
| 3074 Madison Rd. : | **Judge:** |
| Cincinnati, Ohio 45209, : | |
| : | |
| Plaintiff, : | |
| -vs- : | |
| : | |
| **BIG WALNUT LOCAL SCHOOLS** : | |
| 110 Tippett Court : | |
| Sunbury, OH 43074 : | |
| : | |
| Defendant. : | |

**VERIFIED COMPLAINT FOR DECLARATORY,
INJUNCTIVE, AND MONETARY RELIEF**

Plaintiff Ashley Ryder states the following for her Verified Complaint against Defendant Big Walnut Local Schools:

**INTRODUCTION**

1. This is a lawsuit, brought under 42 U.S.C. 1983 and 1988, to remedy violations of Plaintiff Ashley Ryder's right to access and petition her government representatives and to freely express their opinions as to matters of political and public concern. Defendant Big Walnut Local Schools School Board relies upon a public participation policy which vests the unbridled discretion in its Board President to enforce content-based public participation rules to silence speech that criticizes the Board members. Here, Plaintiff Ashley Ryder was silenced for little more than reading a prepared statement that challenged the veracity of her School

1

Board members' political positions on mental health therapy within the Big Walnut Local Schools District.

## PARTIES

2. Plaintiff Ashley Ryder ("Ryder") is a resident of Delaware County, OH.

3. Defendant Big Walnut Local Schools Board of Education ("Defendant") is a School Board located in Delaware County, OH.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because this is a federal question of law under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

5. Venue is proper in this Court because the transactions and occurrences happened in Delaware County, OH.

## BACKGROUND FACTS

6. Defendant is a school board located in Delaware County, OH.

7. Defendant holds meetings where it does business.

8. These meetings are open to the public and subject to Ohio's Open Meetings Act under R.C. § 121.22.

9. The Defendant has a list of rules and policies in its Policy Manual ("Policy") published online that dictates how Defendant runs its open meetings.

10. Under this Policy, Defendant's Board President, Doug Crowl ("Crowl"), is the presiding officer of the meetings. (Exhibit 1).

11. Policy 0169.1 dictates the rules for public participation during the Defendant's public meetings. (Exhibit 2).

12. Policy 0169.1 mandates that the presiding officer, Crowl, "shall administer the rules of the Board for its conduct" during public participation. (Id.)

13. Policy 0169.1(I) states that the presiding officer may silence a public speaker's statement as follows:"

> I. The presiding officer may:
>> 1. prohibit public comments that are frivolous, repetitive, and/or harassing;
>>
>> 2. interrupt, warn, or terminate a participant's statement when the statement is too lengthy, personally directed, abusive, off-topic, antagonistic, obscene, or irrelevant;
>>
>> 3. request any individual to leave the meeting when that person does not observe reasonable decorum;
>>
>> 4. request the assistance of law enforcement officers in the removal of a disorderly person when that person's conduct interferes with the orderly progress of the meeting;
>>
>> 5. call for a recess or an adjournment to another time when the lack of public decorum so interferes with the orderly conduct of the meeting as to warrant such action;
>>
>> 6. waive these rules with the approval of the Board when necessary for the protection of privacy or the administration of the Board's business.

14. Thus, Policy 0169.1(I)(2) expressly regulates and gives the Board President the power to silence speech he determines is "personally directed," "abusive," or "antagonistic."

15. Ryder is a local resident of Defendant's District who is interested in local school board policies and decisions.

16. Ryder is a critic of Crowl.

17. In addition, Ryder is a public critic of other school board members that campaigned with Crowl.

18. Ryder attended Defendant's February 17, 2022, Board of Education meeting.

19. Ryder spoke during Defendant's public participation time. See https://www.bwls.net/BWLSSchoolBoardVideo.aspx

20. Ryder's presentation was critical of certain board members views on mental health services within the school district. (Id.)

21. Ryder was reading from a prepared statement. (Id.)

22. Ryder did not scream or make any physical threats of violence. (Id.)

23. Ryder remained at the lectern during her presentation. (Id.)

24. Ryder began to criticize the Defendant Board's veracity. (Id. at 01:20:25)

25. At this point, President Crowl interrupted Ryder, and told her that she cannot "defame" the Defendant Board's members because she was calling them "liars." (Id. at 01:20:40).

26. Crowl accused Ryder of personally attacking Defendant's members. (Id.)

27. Crowl then told Ryder to "zip it" and explained that her criticisms were not permissible. (Id.)

28. Crowl then told Ryder she was finished, ordered her to leave, and he would not let her finish her statement. (Id.).

29. Crowl was not finished after silencing Ryder's speech.

30. Indeed, Crowl continued to chill the rest of the public's criticisms with an additional threatening speech after Ryder left the lectern. (Id. at 01:21:40).

31. Crowl told the public that "public participation" is only for the public "to explain [its] position." (Id.)

32. Crowl explained that the public may not make "accusations" or "call names." (Id.)

33. Crowl continued that "any personal attacks, name calling . . . [he] will call out." (Id.)

34. In other words, Crowl made it clear that he will silence any public criticisms of Defendant's members, as well as any criticisms that include "name calling."

35. Thus, Defendant's Policy empowers the Board President to remove any public speaker who dares criticize a Board member's positions, or veracity.

36. Seemingly, a member of the public could not call a Board member "lazy" for example.

37. The Policy places all such decisions firmly within the sole discretion of its Board President, Crowl.

38. Crowl used Defendant's content-based policy to silence Ryder's criticisms of himself and his fellow members on February 17, 2022.

39. Crowl also cited this content-based policy to threaten and chill the expression and criticisms of other members in the public during his speech after silencing Ryder's public criticisms.

## STATEMENT OF CLAIMS

### Count 1
### 42 U.S.C.§ 1983 – First Amendment Violation
### (freedom of speech)

40. Ryder restates and incorporates all previous paragraphs.

41. Plaintiff is a concerned parent, who desires to attend public School Board meetings and petition that Board with grievances.

42. Plaintiff criticized the School Board regarding its decisions and veracity.

43. Plaintiff's speech is protected under the First Amendment of the United States Constitution because it addresses matters of great public concern.

44. The Defendant has violated Plaintiff's right of free expression in the following ways:

### Facial Constitutional Claims

45. The Defendant's Rules impose facially unconstitutional restrictions on the speech of Plaintiff and the public generally.

46. Defendant's unconstitutionally content-based rules unlawfully prohibit speech that is "abusive," "personally directed," and "antagonistic."

47. Defendant's Policy vests unbridled discretion in Defendant's President to define and apply these vague, content-based terms.

48. These terms impose content-based restrictions on speech that are not the least restrictive means of achieving a compelling government interest.

49. These public participation rules are unconstitutionally content-based, viewpoint-based, and vague.

### As-Applied Constitutional Claims

50. Defendant retaliated against Ryder when it silenced her criticisms, would not let her finish her statements, and ordered her to leave the lectern.

51. Defendant further intended to chill Ryder's future speech and others' speech when President Crowl told the audience that he would not permit further criticisms of Defendant's Board members.

52. Thus, the Defendant has threatened and intimidated Plaintiff and other members of the public from exercising their First Amendment rights.

53. The School Board damaged Ryder, it acted maliciously, and it intended to punish Plaintiff for criticizing its conduct.

54. Ryder is entitled to compensatory damages, attorney fees, litigation costs, and all expenses associated with this Action.

55. Ryder further seeks an order from this Court to enjoin the School Board from continuing to punish Ryder for engaging in protected speech, restraining her speech, and chilling her speech.

56. Ryder further seeks an order enjoining the Defendant from continuing to enforce its unconstitutionally vague, overbroad, and content-based rules.

57. Ryder further seek an order protecting all members of the public from the same.

**WHEREFORE** Ryder respectfully requests that this Court issue judgment in her favor on all counts and award her the following relief:

   a. A declaration that the Defendant's actions constitute a violation of Ryder's First Amendment rights;
   b. Compensatory damages;
   c. Injunctive relief precluding the Defendant from restraining Plaintiff's speech;
   d. Injunctive relief enjoining the Defendant from placing unbridled discretion in the presiding officer to restrain speech based upon its overbroad, vague, and content-based rules;
   e. An award of reasonable attorney fees pursuant to 42 USC 1988;
   f. Litigation costs and expenses; and
   g. Any other actual damages or equitable relief the Court deems fit under the circumstances.

                                                  Respectfully submitted,

/s/ *Matt Miller-Novak*
Matt Miller-Novak, Esq. (0091402)
Barron, Peck, Bennie, & Schlemmer, Co. LPA
3074 Madison Road,
Cincinnati, OH 45209
Phone: 513-721-1350
Fax: 513-721-2301
MMN@BPBSLaw.com

/s/ *Steven C. Davis*
Steven C. Davis, Esq. (0065838)
Barron, Peck, Bennie, & Schlemmer Co. LPA
3074 Madison Rd,
Cincinnati, OH 45209
Phone: 513-721-1350
Fax: 513-721-2301
SCD@BPBSLaw.com

## VERIFICATION

I, Ashley Ryder, verify under penalty of perjury that I have read the facts outlined in this Complaint. I also verify under penalty of perjury the facts outlined in this Complaint are true to the best of my knowledge and recollection.

_____
Ashley Ryder

I, as a notary of the State of Ohio, witnessed the above sign this Affidavit before me on this 4 day of MARCH, 2022.



_____
Notary Public